IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-34-D

RANDY DINGLE,
          Plaintiff,

v.                                **ORDER**

TALMAGES BAGGETT, JR., et al.,
          Defendants.

Between February 5, 2019 and October 9, 2020, plaintiff Randy Dingle filed five lawsuits in this district, many of which named substantially similar defendants and described "a court proceeding in which he lost his mobile home and other personal property to bankruptcy." Dingle v. Baggett, No. 5:19-CV-425-D, 2020 WL 5245986, at *2 (E.D.N.C. July 31, 2020) (unpublished), objections overruled, No. 5:19-CV-425-D, 2020 WL 5217393 (E.D.N.C. Sept. 1, 2020) (unpublished), aff'd, 860 F. App'x 41 (4th Cir. 2021) (per curiam) (unpublished), cert. denied, 143 S. Ct. 423 (2022); see Dingle v. Maris, No. 5:20-CV-541-D, 2021 WL 2324357, at *1 (E.D.N.C. June 7, 2021) (unpublished); Dingle v. Khan, No. 5:19-CV-129-D, 2020 WL 2120010, at *1 (E.D.N.C. Feb. 20, 2020) (unpublished), report and recommendation adopted, 2020 WL 1272266 (E.D.N.C. Mar. 16, 2020) (unpublished), recons. denied, 2020 WL 2115440, at *1 (E.D.N.C. May 4, 2020) (unpublished).

On February 11, 2019, Dingle commenced this action. See [D.E. 1]. On July 12, 2019, the court dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and the clerk entered judgment. See [D.E. 58, 59]; cf. [D.E. 62] 2 (citing plaintiff's litigation history in Dingle v. Baggett, No. 5:19-CV-425-D). On January 25, 2023, Dingle filed a motion to reopen the case, citing

"previously unavailable material evidence that has been discovered that was not presented at the initial court hearing." [D.E. 60]. Dingle filed the motion in all five cases, and attached a mobile home title issued on February 9, 2022 that Dingle argues he "should have had in 2011[.]" See [D.E. 60] 1; [D.E. 60-1]. Eight defendants filed a response in opposition to the motion [D.E. 62]. Dingle replied [D.E. 63, 64].[1]

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for any other reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (quotation omitted); see Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Aikens, 652 F.3d at 500 n.3. Dingle's motion is untimely under the first three reasons. Dingle has not argued or demonstrated that the judgment is void or has been satisfied and therefore may not proceed under Rule 60(b)(4) or (5).

Dingle must proceed, if at all, under Rule 60(b)(6). In order to obtain relief under that rule, Dingle's motion must "be filed on 'just terms' and within 'a reasonable time.'" Aikens, 652 F.3d

---

[1] Dingle's contention that the typewritten signature of defense counsel is invalid and constitutes "fraud upon the court[,]" [D.E. 63] 1, 3, is patently frivolous. See L. Civ. R. 5.1(c).

2

at 501. Moreover, Dingle must show "extraordinary circumstances" justifying relief. Id. at 500. Dingle has failed to do so. Accordingly, the court DENIES the motion [D.E. 60], and DIRECTS the clerk not to accept any further filings from plaintiff in this case other than a notice of appeal or a response to any future motions by any defendants.

SO ORDERED. This 17 day of March, 2023.

                                                                                                JAMES C. DEVER III
                                                                                                United States District Judge